WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-14-00161-PHX-PGR |
| Plaintiff, | **ORDER** |
| v. | |
| Barron Collier Company, | |
| Defendant. | |

The Court has before it Opus Collier, LLC's Motion to Intervene (Doc. 110). Opus Collier ("OC") seeks to intervene as a plaintiff as a matter of right under Fed. R. Civ. P. 24(a)(2) or, alternatively, permissively under Fed. R. Civ. P. 24(b). Defendant Barron Collier has joined in the motion (Doc. 115). The United States opposes intervention, contending that the Court lacks jurisdiction over the claims in the proposed complaint in intervention and that such intervention would therefore be futile. (Doc. 117.) The Court also has before it the United States' Motion for Leave to File a Surreply (Doc. 131). The Court will deny the motion to intervene, and will grant the motion to file a surreply.

OC seeks intervention of right based on claims it seeks to bring against the United States as set forth in its proposed complaint in intervention (*see* Doc. 110 at 1; Doc. 110-1 at 2-6). The United States is, however, immune from suit unless Congress specifically consents to waive that immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The burden of demonstrating that the United States has waived its immunity is on OC, as

the party seeking to assert a claim against the United States. *See United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

In the proposed complaint in intervention, OC seeks to bring claims against the United States for declaratory judgment and quiet title under Arizona state law. (*See* Doc. 110-1 at 3, 5-6.) The basis of jurisdiction stated in the complaint in intervention is 28 U.S.C. § 1345. Under § 1345, "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. As the Court noted in a previous order issued in this case, although § 1345 grants this Court jurisdiction over the action commenced by the United States against Barron Collier, it does not provide the Court with jurisdiction over claims raised against the United States, such as those OC seeks to bring in its complaint in intervention.

The complaint in intervention does not assert any other basis for this Court's jurisdiction over the claims upon which intervention is sought. However, in its reply brief, OC contends that jurisdiction exists under the Quiet Title Act, 28 U.S.C. §§ 2410 and 2409a.

Jurisdiction exists under § 2410 for actions against the United States involving "real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). OC contends that the United States' claim for a constructive trust is essentially a lien that is already impacting OC's interest in the Downtown Lots because OC has been unable to obtain title insurance as a result of the United States' claim. (Doc. 129 at 1.) The exhibit to which OC cites in support of its contention that it has been unable to obtain title insurance, Doc. 129-1, is an email directed to counsel for Barron Collier, which refers to Barron Collier in the body of the email, but makes no mention of OC or of OC's interest in the Downtown Lots. The Court finds this exhibit indicates Barron Collier, not OC, sought but was declined title insurance on the Lots. This exhibit does not, therefore, indicate that the United States has a lien on OC's real or personal property. Indeed, the United States asserts that it "has no lien over [OC's] property and has affirmatively disclaimed an interest in [OC's] property." (Doc. 132 at

5.) Because the United States does not have a lien over OC's property, § 2410 does not provide this Court with jurisdiction.

Jurisdiction exists under § 2409a only if (1) the United States claims an interest in the property at issue, and (2) there is a "disputed title to real property between the interests of the plaintiff and the United States." *Leisnoi, Inc. v. United States*, 267 F.3d 1019, 1023 (9th Cir. 2001); *see* 28 U.S.C. § 2409a.  As already noted, the United States has affirmatively disclaimed an interest in OC's property.  Moreover, OC has not demonstrated that it has a title interest in the Downtown Lots.  Accordingly, § 2409a does not provide this Court with jurisdiction.  *See Leisnoi*, 267 F.3d at 1023; 28 U.S.C. § 2409a.

The conflict in this case is between the United States and Barron Collier, and involves Barron Collier's title to the Downtown Lots.  Although OC desires to have this title dispute resolved, the Quiet Title Act does not provide jurisdiction for OC to intervene to force its resolution.  *See Avista Corp. Inc. v. Sanders Cty.*, 405 F. App'x 225, 226-27 (9th Cir. 2010).  Accordingly, intervention will be denied.[1]

IT IS ORDERED that Opus Collier, LLC's Motion to Intervene (Doc. 110) is denied.

IT IS FURTHER ORDERED that the United States' Motion for Leave to File a Surreply (Doc. 131) is granted.

IT IF FURTHER ORDERED that the Clerk shall file the Proposed Surreply in Opposition currently lodged at Doc. 132.

Dated this 18th day of December, 2015.

Paul G. Rosenblatt
United States District Judge

---

[1] To the extent OC argues, for the first time in its reply brief, that it is entitled to, or should be allowed to, intervene as a defendant, the Court denies intervention as untimely.  *See* Fed. R. Civ. P. 24(a), (b).